COURT OF APPEALS
DECISION
DATED AND FILED

June 30, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP338**

Cir. Ct. No. **2023PR35**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

IN RE THE ESTATE OF ANTHONY STANLEY MACHAK:

MICHELLE LABARBERA,

   APPELLANT,

 V.

ANTHONY STANLEY MACHAK, CHRISTOPHER MACHAK AND GREGORY MACHAK,

   RESPONDENTS.

---

APPEAL from a judgment of the circuit court for Sawyer County: JOHN M. YACKEL, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Michelle LaBarbera appeals from the final probate judgment administering the estate of her father, Anthony Machak.  LaBarbera challenges the exclusion of two banks accounts from the estate that had—prior to Anthony's death—been jointly owned by Anthony and LaBarbera's brother, Gregory Machak.[1]  More specifically, LaBarbera contends that the circuit court: (1) erroneously exercised its discretion by ordering the bank's legal counsel to provide a legal opinion as to the nature of the accounts; and (2) erroneously concluded that signature cards showing that Anthony and Gregory had opened the accounts together were sufficient to show that Gregory had a right of survivorship in them.  We affirm.

## BACKGROUND

¶2      Following Anthony's death in June 2023, LaBarbera petitioned for a formal probate administration, and Gregory was appointed as the personal representative of Anthony's estate.  Gregory eventually submitted a proposed final accounting of the estate.  LaBarbera objected, asserting that the accounting failed to include the value of a savings account and a checking account that she believed Anthony had held at the State Bank of the Lakes in Antioch, Illinois.  LaBarbera also asked the circuit court to order Gregory (and later the bank itself) to provide her with copies of all documents proving the ownership of the accounts at the time of Anthony's death.  In response, Gregory and the bank provided copies of two signature cards showing that Anthony and Gregory had jointly opened the two accounts, as well as three disclosure statements related to one of the accounts.

---

[1] To avoid confusion, we will refer to Anthony and Gregory by their first names.

¶3      None of the documents explicitly stated whether Anthony and Gregory held the accounts jointly with survivorship rights.   However, the signature cards listed both Anthony and Gregory as "owners" of the accounts, without any specified limitations on either of their ownership rights.   In a cover letter to the signature cards, a senior vice president of the bank asserted that Anthony and Gregory had opened the accounts as joint accounts with survivorship rights.   Counsel for the estate asserted in his own cover letter that the bank had advised him that when the bank opens a joint account, it shows all owners of the account and that the account(s)[2] here had been placed in Gregory's sole name following Anthony's death.

¶4      LaBarbera renewed her objection to the exclusion of the bank accounts from the final accounting of the estate, arguing that Gregory had failed to prove that he had a right of survivorship and had failed to obtain and provide all relevant account documents.   The circuit court then issued an order directing counsel for the bank to review all of the account information and provide the court with a written opinion as to whether the accounts were owned solely by Anthony or jointly by Anthony and Gregory.

¶5      Counsel for the bank objected to being required to provide an unpaid legal opinion on a matter in which the bank did not view itself as an interested party.   However, counsel nonetheless provided the circuit court with a written opinion reasserting the bank's previous position that the two accounts were opened as joint accounts with rights of survivorship, based upon counsel's review

---

[2] Counsel's cover letter inconsistently refers to the account(s) in the singular at times and in plural at other times.

of the account information, the bank's standard procedures for opening accounts, and relevant Illinois statutes and authorities. It was counsel's further opinion that both Illinois and Wisconsin law require a party challenging the right of survivorship to any jointly held account to prove, by clear and convincing evidence, that the account owners did not intend to create a joint account with survivorship rights. Counsel did not offer any opinion as to Anthony's intent.

¶6 Based upon all of the information before it, including the written opinion of the bank's counsel, the circuit court determined that the Illinois bank accounts should be excluded from Anthony's estate because Gregory held a right of survivorship in them. LaBarbera appeals.

## DISCUSSION

¶7 The ultimate question before this court is whether the circuit court properly determined that the Illinois bank accounts should be excluded from Anthony's estate. There are several threshold issues we must first address, however, before reaching that question.

¶8 First, LaBarbera asserts that Gregory, in his capacity as the personal representative, bears the burden of proving that he has submitted an accurate accounting and, thus, proving that he had a right of survivorship in the bank accounts at issue. However, under Wisconsin law,[3] "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as

---

[3] Despite the apparent likelihood that Illinois law would govern whether the right of survivorship attaches to an Illinois bank account, neither party has addressed the choice of law issue, and both assume that Wisconsin law applies. Because neither party has identified any differences between Wisconsin and Illinois law that would be material to this case, we will analyze the case under the framework of Wisconsin law presented by the parties.

against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account [was] created." WIS. STAT. § 705.04(1) (2023-24).[4] The party seeking to overcome the statutory presumption bears the burden of proving a different intent. *See Henke v. Estate of Clarence Klawitter*, 2023 WI App 60, ¶¶29-30, 409 Wis. 2d 696, 998 N.W.2d 579.

¶9 LaBarbera contends that the presumption does not apply here because the signature cards creating the accounts did not contain the language that WIS. STAT. § 705.02(1)(a) describes as "effective" to create a joint account with the right of survivorship. However, § 705.02(3) makes clear that using the specified language is not the exclusive means of creating a joint account with the right of survivorship. More to the point, there is nothing in WIS. STAT. § 705.04(1) that premises its presumption upon the use of language creating any specific type of joint account. Rather, the statute expressly applies to all types of joint accounts.

¶10 WISCONSIN STAT. § 705.01(4) defines a joint account between people other than spouses as one that is "payable on request to one or more of 2 or more parties whether or not mention is made of any right of survivorship." There is no dispute here that both Anthony and Gregory were listed as owners of the Illinois bank accounts, giving each of them withdrawal rights and making the accounts some form of joint accounts. We therefore conclude that the presumption of survivorship under § 705.04(1) applies, and it is LaBarbera, not Gregory, who bears the burden of proof.

---

[4] All references to the Wisconsin Statutes are to the 2023-24 version.

¶11    Second, LaBarbera asserts that this court should review the circuit court's determination that the bank accounts included a right of survivorship as a question of law. However, the ownership of a joint account for probate purposes ultimately depends upon a decedent's intention at the time he or she opened the account. *Henke*, 409 Wis. 2d 696, ¶64. The decedent's intention is a question of fact subject to the clearly erroneous standard of review. *Id.* Although the court did not make an explicit finding that Anthony intended Gregory to assume full ownership of any sums remaining in the Illinois bank accounts following Anthony's death, that finding is implicit in its determination that the accounts were opened as joint accounts with the right of survivorship. We will therefore uphold the court's decision unless, after accepting all credibility determinations and reasonable inferences drawn by the factfinder, the great weight and preponderance of the evidence support a contrary finding. *See Noll v. Dimiceli's, Inc.*, 115 Wis. 2d 641, 643-44, 340 N.W.2d 575 (Ct. App. 1983) (discussing the clearly erroneous standard of review).

¶12    Third, LaBarbera asserts that the circuit court erroneously exercised its discretion by ordering the bank's counsel to provide a legal opinion because the court lacked authority to do so. LaBarbera further argues that the appropriate remedy for this alleged error is to reverse the probate judgment and remand the matter for further proceedings. Gregory responds that the Code of Judicial Conduct authorizes a judge to "obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice and affords the parties reasonable opportunity to respond." SCR 60.04(1)(g)2.

¶13    For the purpose of this opinion, we will assume that the circuit court had inherent authority to *solicit* an expert legal opinion from the bank's counsel,

but it lacked the authority to *compel* the bank's counsel to provide the opinion if he did not consent to do so. However, the right to refuse to give an expert opinion is merely a privilege which protects the expert from sanctions based upon the refusal. ***Burnett v. Alt***, 224 Wis. 2d 72, 86, 95, 589 N.W.2d 21 (1999). LaBarbera has not cited, and this court is unaware of, any authority that would provide a litigant with standing to object to an opinion because it was given under protest by an independent expert or that would invalidate any decision based in part upon such an opinion. We note that LaBarbera was fully informed that the court was seeking a legal opinion from the bank's counsel, and she had an opportunity to respond to it. We are therefore not persuaded that LaBarbera is entitled to the remedy she seeks, even if the court erroneously exercised its discretion by ordering the bank's counsel to provide a legal opinion.

¶14 We turn then to the primary question before us—namely, whether the circuit court's determination that Anthony had created bank accounts with a right of survivorship for Gregory was contrary to the great weight and clear preponderance of the evidence. We conclude that it was not. The signature cards for the bank accounts established that Gregory was a joint owner of both accounts. The bank's vice president and legal counsel both asserted that the signature cards were consistent with how a joint account with survivorship rights would be created by the bank. LaBarbera did not present any affidavit or other evidence (much less clear and convincing evidence) showing that Anthony intended to create a convenience account, a tenancy in common, or any other type of joint account. Because LaBarbera failed to overcome the presumption that the accounts were intended to include survivorship rights, the court properly excluded the accounts from the probate estate.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.